The EXECUTORS of JOHN BRAY, deceased, v. JOACHIM HARTOUGH and Wife.

If the defendant by his answer admits the existence of the mortgage sought to be foreclosed, but seeks to avoid it, the matter alleged by way of avoidance must be sustained by evidence independent of the answer.

*Blauvelt*, for complainants.

*Nevius*, for defendants.

THE CHANCELLOR. The bill charges, that the defendants gave to John Bray, in his life time, four several mortgages;— the first, for three hundred dollars, dated April the seventh, eighteen hundred and twenty-three; the second, for two hundred and eighty dollars, dated April the eighth, eighteen hundred and twenty-four; the third, for three hundred dollars, dated March the thirtieth, eighteen hundred and twenty-seven; the fourth, for nineteen hundred and six dollars, dated April the fourth, eighteen hundred and thirty-two. That they are all due and unpaid; and prays a foreclosure and sale of the mortgaged premises.

The answer admits the execution of the said several bonds and mortgages, but charges that the last bond and mortgage, for nineteen hundred and six dollars, included the other three, and that they were in fact paid off by it, but were left in the hands of the testator, John Bray, as collateral security, and that the defendants owe only nineteen hundred and six dollars, the amount secured by the last mortgage, with interest.

No evidence has been offered except the original bonds and mortgages; and the question submitted is, whether the answer of the defendants, expressly charging that the last bond of nineteen hundred and six dollars was given to take up the first three, shall prevail against the production, and proof of the execution, of those bonds and mortgages.

It is evident from a statement of the case, that this allegation of the defendants is an affirmative proposition, which, according

to the principle and the practice in courts of equity, they are bound to prove, independent of their answer. If the defendants had denied the execution of the first three bonds and mortgages, the complainants must have proved them; but as they admit their execution, and seek to avoid them, the proof is on their part as to the matter of avoidance. See the case of *Hart* v. *Ten Eyck*, 2 *John. Chan. R.* 90—92.

Let it be referred to a master to report the amount due.

Order accordingly.